[Cite as *In re Guardianship of Collins*, 2014-Ohio-5750.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


IN THE MATTER OF:                          :
                                                         CASE NO.  CA2013-08-072
    THE GUARDIANSHIP OF            :
    DEBORAH FAY COLLINS             :          O P I N I O N
                                                   :          12/30/2014

                                                   :

                                                   :


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 20132033


Ostrowski Law Firm Co., L.P.A., Andrea G. Ostrowski, 20 South Main Street, Springboro, Ohio 45066, for appellant, Deborah Fay Collins

Ruffolo, Stone & Dressel, John M. Ruffolo, 7501 Paragon Road, Dayton, Ohio 45459, for appellee, Cheryl Price


**M. POWELL, J.**

{¶ 1}   Appellant, Deborah Fay Collins, appeals a decision of the Warren County Court of Common Pleas, Probate Division, appointing appellee, Cheryl Page, as guardian of her person.

{¶ 2}   Page and Collins are half-sisters.  Collins lives in a nursing home.  On March 12, 2013, Page filed an application in the probate court to be appointed guardian of Collins' person.  At the time, Page was already Collins' attorney-in-fact pursuant to a health care

power of attorney and a financial power of attorney. With her application, Page also filed a Statement of Expert Evaluation by a physician. In the expert evaluation, the physician diagnosed Collins with "schizophrenia, chronic, undifferentiated type, severe." He also stated that Collins' insight into her mental illness was poor and that she did not think she was ill or needed to take medications or receive any treatment. The physician further stated that Collins "could not provide her own basic needs or obtain these from others," and that in his opinion, the application for guardianship should be granted.

{¶ 3} The probate court appointed an investigator to assess Collins' need for a guardian. In a report filed in May 2013, the investigator recommended that a guardian be appointed for Collins' person. Collins moved for an independent expert evaluation. In a report filed in July 2013, the independent evaluator also recommended that a guardian be appointed for Collins. A hearing on the application was held on July 9, 2013. At the hearing, Collins' attorney argued that in light of the health care power of attorney and the financial power of attorney, less restrictive alternatives were already in place and thus, a guardianship was unnecessary.

{¶ 4} By judgment entry filed on July 9, 2013, the probate court found that Collins was incompetent by reason of mental illness and therefore incapable of taking proper care of herself, and appointed Page as guardian of Collins' person.

{¶ 5} Collins appeals, raising one assignment of error:

{¶ 6} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED A GUARDIANSHIP BECAUSE LESS RESTRICTIVE MEASURES WERE ALREADY IN PLACE.

{¶ 7} Collins argues that because the health care power of attorney is a less restrictive alternative to guardianship, the probate court should have denied Page's

application and abused its discretion in failing to do so.[1]

{¶ 8} When considering an application for appointment of a guardian, a probate court must (1) first determine that a guardian is required, and (2) also determine who shall be appointed guardian. *In re Guardianship of Smith*, 12th Dist. Butler No. CA2013-09-165, 2014-Ohio-2119, ¶ 18. When evidence of less restrictive alternatives to guardianship is introduced, the probate court must consider such evidence. R.C. 2111.02(C)(5). A probate court may deny a guardianship if it finds a less restrictive alternative to guardianship exists. R.C. 2111.02(C)(6).

{¶ 9} In matters relating to guardianship, the probate court is required to act in the best interest of the ward. *In re Estate of Bednarczuk*, 80 Ohio App.3d 548, 551 (12th Dist.1992). "'Best interests' means the permanent welfare of the ward in his relation to society in view of all the circumstances." *In re Briggs*, 9th Dist. Summit No. 18117, 1997 WL 416331, *3 (July 9, 1997). When an alleged incompetent objects to the appointment of a guardian, as is the case here, the probate court must be very cautious in proceeding. *In re Guardianship of Corless*, 2 Ohio App.3d 92, 94 (12th Dist.1981).

{¶ 10} A probate court has broad discretion in appointing guardians, and decisions regarding the appointment of a guardian will not be reversed on appeal absent an abuse of discretion. *In re Guardianship of Smith*, 2014-Ohio-2119 at ¶ 19.

{¶ 11} At the hearing, Collins' attorney argued that in light of the health care power of attorney, a less restrictive alternative was already in place and thus, a guardianship was unnecessary. The document was not admitted into evidence and there was no testimony about its contents. The document was, however, briefly examined by the probate court. During the hearing, Page expressed her concern that the health care power of attorney would

---

1. Because Page only sought to be appointed guardian of Collins' person, and not of Collins' person and estate, we will not address the issue of the existence of the financial power of attorney.

not prevent Collins from leaving the nursing home if such were her intent. Collins' attorney expressed her belief that Collins "was trying to revoke the Power of Attorney." Before granting Page's application, the probate court noted that organizations or people sometimes do not follow or honor a power of attorney, told Collins "it [was] necessary at this point that somebody acts as [her] representative," and considered the health care power of attorney as a less restrictive alternative but ultimately concluded it insufficiently protected Collins.

{¶ 12} We find the probate court did not abuse its discretion in granting Page's application for guardianship, notwithstanding the health care power of attorney. R.C. 2111.02(C)(5) only requires a probate court to consider the existence of a less restrictive alternative to guardianship. The statute does not require a probate court to deny an application for guardianship simply because evidence of less restrictive alternatives is produced.

{¶ 13} In addition, it is well-established that a power of attorney may be revoked by the principal at any time. *In re Guardianship of Thomas*, 148 Ohio App.3d 11, 18 (10th Dist.2002). At the hearing, Collins' attorney expressed her belief that Collins "was trying to revoke the Power of Attorney." The record also shows that Collins does not believe she is ill or in need of medication or treatment, twice stated during the hearing that she was 100 percent sane, yet also told the court that the person posing as Cheryl Page was in fact Lisa Page, a woman married to Collins' former brother-in-law, and that the real Cheryl Page was in prison for attempted murder for trying to kill Collins.

{¶ 14} In light of the foregoing, we find the probate court did not abuse its discretion in finding that a guardianship of Collins' person was necessary and that a less restrictive alternative in the form of the health care power of attorney would not sufficiently protect her person. The probate court was well within its discretion to conclude that the health care power of attorney was not or no longer in Collins' best interest.

{¶ **15**} Collins' assignment of error is overruled.

{¶ **16**} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.