[Cite as *State v. Steiner*, 2016-Ohio-4648.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15CA17 |
| TIMOTHY D. STEINER | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Holmes County
                              Court of Common Pleas, Case No.
                              15CR054

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       June 27, 2016

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

STEPHEN KNOWLING                      ANDY HYDE
Assistant Prosecuting Attorney        144 North Water Street
164 East Jackson Street               Loudonville, OH 44842
Millersburg, OH 44654

*Gwin, P.J.*

{¶1}    Defendant-appellant Timothy D. Steiner ["Steiner"] appeals the imposition of consecutive sentences after his negotiated guilty plea in the Holmes County Court of Common Pleas.

*Facts and Procedural History*

{¶2}    In early May 2015, Steiner befriended a nine-year-old child, "Jane Doe" after meeting her at his daughter's slumber party.  Steiner began to use Facebook to send the child inappropriate messages and requests for photographs.  Jane Doe's mother discovered the messages when examining her daughter's cell phone and contacted the Holmes County Sheriff's office.

{¶3}    Jane Doe told the investigating officer that Steiner would not stop texting her.  In one such message, Steiner asked Jane Doe if she was going to tell about their secret.  The Holmes County authorities contacted a Wooster Police Officer who works as an Internet Crimes First Responder ["ICFR"].  The ICFR officer assumed Jane Doe's identity on the child's Facebook account and cell phone.  Over a period of two weeks, Steiner sent hundreds of messages that became increasingly sexual in nature.  The exchanges contained detailed and graphic depictions of Steiner's proposals for sexual contact with the nine year old, including intercourse and oral sex.  Steiner continued to request the child send him photographs of her.

{¶4}    Steiner suggested a meeting take place on May 22, 2015 to engage in sexual conduct.  Steiner asked the child to prop open a ground floor window with a mug and leave a pair of pink panties in the window so that Steiner would know the meeting was to take place.  He gave specific, graphic and detailed instructions to the child

concerning how she should be dressed, and how she should be lying in bed.  He further detailed the sexual acts he would engage in with the nine year old.

{¶5}    The Holmes County Sheriff's Office used a vacant house to pose as the child's home.  On the night of May 22, 2015, Holmes County Sheriff's officers were placed in the home and in a pizza shop across the street.  The car belonging to Jane Doe's mother was parked on the street.  Surveillance teams were put into place to record the encounter.

{¶6}    Shortly after 11:00 pm on May 22, 2015, officers reported that a man had walked by the house who seemed interested in the window.  The man walked down the street purchased two drinks from a vending machine, returned to the area of the window and sat down on a nearby bench.  The individual then approached the window and removed the mug and the panties, causing the window to slam shut.  He attempted to open the window; however, it once again slammed shut.  As he attempted to open the window a third time, officers exited the pizza shop. Steiner immediately sat down on the bench.  Steiner was then placed under arrest.

{¶7}    On June 29, 2015, Steiner was indicted with the following counts,

1.      Attempted Rape in violation of R.C. §2923.02, §2907.02(A)(1)(b),

and 2907.02(B), a Felony of the Second Degree;

2.      Importuning in violation of R.C. §2907.07(C)(2) and §2907.07(F)(2)

a Felony of the Third Degree;

3.      Importuning in violation of R.C. §2907.07(C)(2) and §2907.07(F)(2)

a Felony of the Third Degree;

4.      Importuning in violation of R.C. §2907.07(C)(2) and §2907.07(F)(2)

a Felony of the Third Degree;

5.      Importuning in violation of R.C. §2907.07(C)(2) and §2907.07(F)(2)

a Felony of the Third Degree;

6.      Burglary in violation of R.C. §2911.12(A)(2) and §2911.12(D), a

Felony of the Second Degree.

{¶8}    On August 19, 2015, Steiner appeared before the Court for a change of plea and signed a "Plea of Guilty" that was filed with the Court. Prior to the plea, the Prosecuting Attorney amended Count 1 of the Indictment, attempted rape, to a felony of the first degree.  Based upon plea negotiations, Steiner entered a plea of guilty to Counts 1, 2, 3, 4 and 5.  Count 6 was dismissed by the state.  Sentencing was deferred and the court ordered the preparation of a Pre-Sentence investigation Report.

{¶9}    On September 22, 2015, the trial court sentenced Steiner to 9 years in prison on Count 1, attempted rape and twenty-four months on each of the Importuning counts to be served consecutively for a total of seventeen years in prison.

*Assignment of Error*

{¶10}  Steiner raises one assignment of error,

{¶11}  "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES FOR HIS FELONY CONVICTIONS."

*Law and Analysis*

**Standard of Review.**

{¶12}  The two-step approach set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124 no longer applies to appellate review of felony sentences.

We now review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum,* __Ohio St.3d__, 2016–Ohio–1002, __N.E.3d ___, ¶22; *State v. Howell,* 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31.  R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.  *See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

{¶13}  Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus.  *See also, In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985).  "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof."  *Cross,* 161 Ohio St. at 477 120 N.E.2d 118.

{¶14}  Because Steiner pleaded guilty to a felony of the first degree, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code.  R.C. 2929.13(D)(1).

{¶15}  In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses.  R.C. 2929.41(A).  The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C)(4). *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23.  This statute

requires the trial court to undertake a three-part analysis. *State v. Alexander,* 1st Dist. Hamilton Nos. C–110828 and C–110829, 2012-Ohio-3349, 2012 WL 3055158, ¶ 15.

**{¶16}** R.C. 2929.14(C)(4) provides,

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish **665 the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶17}** Thus, in order for a trial court to impose consecutive sentences the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

**{¶18}** Recently, in *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, syllabus, the Supreme Court of Ohio stated that:

In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

**{¶19}** Furthermore, the sentencing court is not required to recite "a word-for-word recitation of the language of the statute." *Bonnell*, ¶29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the

record contains evidence to support the findings, consecutive sentences should be upheld." Id. A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Bonnell,* ¶34. The findings required by R.C. 2929.14(C)(4) must be made at the sentencing hearing and included in the sentencing entry. Id. at the syllabus. However, a trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court. *Bonnell,* ¶30.

**{¶20}** In this case, the record does support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences.

**{¶21} R.C. 2929.14(C)(4): [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.**

**{¶22}** In the case at bar, the trial court found,

> The Defendant Timothy Steiner age thirty-seven (37) of Holmesville, Ohio stands before this court having been convicted by guilty plea of one count of Attempted Rape, a felony of the first degree, in violation of Ohio Revised Code Section 2923.02, 2907.02(A)(1)(b) and 2907.02(B) and four (4) counts of Importuning, felonies of the third degree in violation of Ohio

Revised Code Section 2907.07(C)(2) and 2907.07(F)(2). Sentence held today defendant appeared in open court represented by Attorney Hyde. Mr. Knowling appeared on behalf of the State of Ohio. Sentencing is pursuant to Criminal Rule 32. The court has considered all matters of record including statements and testimony given at sentencing, the pre-sentence investigation and the victim impact statement. Prior to passing sentence, the court has considered all relevant, constitutional, statutory and procedural factors affecting the defendant's sentence. The court that imposes a sentence for a felony should be guided by the overriding purposes of felony sentencing. The overriding purpose of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimal sanctions that the court determines accomplishes these purposes without imposing an unnecessarily burden on state or local government resources. To achieve these (inaudible) these purposes of sentencing the court has considered the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender and making restitution to the victim of the offense, the public or both Ohio Revised Code Section 2929.11(A). A sentence imposed for a (unintelligible) shall be reasonably calculated to achieve these two purpose, pur, [sic.] purposes and shall um shall not unnecessarily bird, bir [sic.] local burden local state resources. [sic.] In opposing this sentence the court has not considered the offenders ethnic background, gender or religion. The court's analysis under serious factors: the physical

or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical and mental condition of the age of the offender of the victim. The victim has suffered serious psychological harm that is ongoing. The offense was facilitated by the offender's relationship with the victim. Under less serious factors the court finds none and weighing the factors the court finds that it's more serious. AT [sic.] the time of the offense the offender was also under uh under some type of probation, which also raises (unintelligible). The offender previously was adjudicated has a previous record. Uh under recidivism not likely that (unintelligible) recidivism the court finds none. Pursuant to Ohio Revised Code the court the court [sic.] the sentencing court shall consider um the offender's prior record. Weighing the recidivism I find it's more likely. The felony of the first degree, which is under Ohio Revised Code Section 2929.13(inaudible), there is a presumption in favor of prison. The presumption has not been overcome. Regarding the felonies of the third degree: the court finds that prison is consistent with the overriding purposes and principle of sentencing. Regarding financial sanctions: the court finds the offender is unable to pay financial sanctions uh but the court finds the offender has the ability to pay financial sanctions in the future. All financial sanctions are waived until the offender is released from prison. It is therefore the order and sentence of this court that you pay no fine, you pay the court costs; you pay expenses of court-appointed counsel. Execution is awarded for court costs and court-appointed counsel fees. The court

costs and fees of court-appointed counsel are stayed until the offender is released from prison. At that time, the court will determine whether or not the offender is indigent and will have the ability to pay the financial sanctions. You serve stated prison term on one count of Attempted Rape of nine (9) years and on each of the four (4) counts of Importuning um twenty-four (24) months uh all to be served consecutively for a total of seventeen (17) years at Lorain Correctional Facility at Grafton Ohio or such other place where the Department of Rehabilitation and Correction shall direct. Said sentence shall be served as follows: nine (9) years on the Rape, twenty-four (24) months on each of the four (4) counts all consecutive to each other for a total of seventeen (17) years. The court finds that consecutive sentences are necessary to protect the public and are not are not [sic.] inconsistent or unreasonable in light of the offense.

Sentencing Hearing, Sept. 22, 2015 at 9-11.

{¶23} Thus, the trial court found, and the record supports: 1). The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim; 2). the victim has suffered serious psychological harm that is ongoing; 3). the offense was facilitated by the offender's relationship with the victim; and 4). Steiner has a prior misdemeanor domestic violence conviction. In addition, the trial court specifically found that "a consecutive sentence is necessary to protect the public from future crimes or to punish the offender." Sentencing Hearing at 13. Thus, we can discern from the trial court's statements and the record that the trial court found that consecutive sentences were not

disproportionate to the seriousness of Steiner's conduct and to the danger Steiner poses to the public.

{¶24} **R.C. 2929.14(C)(4)(a): The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

{¶25} Steiner did not commit the crimes while he was awaiting trial or sentencing, or while Steiner was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense[1].

{¶26} **R.C. 2929.14(C)(4)(b): At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

{¶27} In the case at bar, the trial court noted,

Alright Mr. Steiner for the record because I imposed consecutive sentence I have to make the following findings, The Court finds that a consecutive sentence is necessary to protect the public from future crimes or to punish the offender and the offense committed was one or more multiple offenses while the offender was uh under sanctions imposed. Uh at least two (2) of the multiple offenses were committed as part of one or

---

[1] R.C. 2929.16, R.C. 2929.17 and R.C. 2929.18 concerning sanctions imposed for prior *felony* convictions. The pre-sentence investigation report indicates that Steiner's prior conviction was a misdemeanor.

more courses of conduct and the harm caused by one or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the course of conduct adequately reflects the seriousness of the offender's conduct and the offender's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crimes. And consecutive sentences are not disappropriate to the seriousness of the offender's conduct and the danger the offender poses to the public. That's all.

Sentencing Hearing at 13. Thus, the trial court specifically found, and the record supports, 1). consecutive sentences are necessary to protect the public from future crimes; 2). the harm caused by *two* or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶28}    In the case at bar, we believe the trial court inadvertently misstated the requirement of R.C. 2929.14(C)(4) when it said,

and the harm caused by **one or more** of the multiple offenses so committed…

Sentencing Hearing at 13 (emphasis added).  R.C. 22929.14(C)(4) states,

and the harm caused by **two or more** of the multiple offenses so committed…

Emphasis added. *Bonnell* teaches us that the trial court does not have to recite R.C. 2929.14 word-for-word in order to impose consecutive sentences. 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶29. Likewise, there are no magic words that the trial court must recite on the record before imposing consecutive sentences. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶37. Rather, as a reviewing court our job is to "discern [from the record] that the trial court engaged in the correct analysis and [determine] that the record contains evidence to support the findings [for the imposition of consecutive sentences]. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶29.

{¶29} In the case at bar, the record establishes that Steiner plead guilty to five separate offenses. These offenses occurred on different days and at different times and were characterized by the ICFR officer as "grooming" the child for sexual exploitation by Steiner. Steiner's actions became increasing sexual, graphic and detailed in nature over the two-week period during which he continually contacted the child via social media and text messaging. Finally, Steiner believed he was sending a nine- year-old girl detailed instructions concerning how to assist him in entering her bedroom, how she should position herself in the bed and the sexual acts she could expect Steiner to engage in with her. The record clearly established multiple importuning offenses and attempted rape, to which Steiner knowingly, intelligently and voluntarily pleads guilty. We can discern from the trial court's statements and the record, that, "the harm caused by ***two*** or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any the courses of conduct adequately reflects the

seriousness of the offender's conduct."  Thus, the record support the finding required to impose consecutive sentences under R.C. 2929.14(C)(4).

{¶30} When it is clear from the record that the trial court engaged in the appropriate analysis, little can be gained by sending the case back for the trial court to, in essence, correct a slip-of–the tongue or to recite the "magic" or "talismanic" words when imposing consecutive sentences.  In other words, because the record supports the trial court's imposition of consecutive sentences, the trial court cannot err in imposing consecutive sentences after a remand.  Our review on appeal of any subsequent resentencing will be directed at looking at the entire trial court record to determine if that record supports the trial court's findings that the R.C. 2929.14(C) factors were met.  In the case at bar, we find the R.C. 2929.14(C) factors are supported by the record and can discern that the trial court engaged in the correct analysis.

{¶31} **R.C. 2929.14(C)(4)(c): The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶32} As noted above, the trial court specifically made this finding on the record.

{¶33} As the Supreme Court concluded in *Bonnell,*

> In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.  Nor is it required to give a talismanic incantation of the words of the statute, provided that the

> necessary findings can be found in the record and are incorporated into the
>
> sentencing entry.

140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶37.   Because the trial court specifically found that recidivism is likely, the finding under R.C .2929.14(C)(4)(c) supports the imposition of consecutive sentences.   Sentencing Hearing at 9-11.

{¶34}   In this case, the record supports a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences; and it incorporated all of the necessary findings into its judgment entry.

{¶35}   The judgment of the Holmes County Court of Common Pleas is affirmed.

By Gwin, P.J., and

Wise, J., concur;

Hoffman, J., dissents

*Hoffman, J., dissenting*

{¶36} I respectfully, albeit reluctantly,[2] dissent from the majority's disposition of Appellant's sole assignment of error.

{¶37} I do agree with the majority the trial court made all of the findings required by R.C. 2929.14(C)(4) [including (C)(4)(a) which the majority correctly notes was not supported by the evidence]. However, because I find the evidence does not support the trial court's findings under R.C. 2929.14(C)(4)(b) or (c), I dissent from the majority's decision to affirm the trial court's imposition of consecutive sentences.

R.C. 2929.14(C)(4)(c)

{¶38} While the trial court did mention at sentencing Appellant had a previous record, the evidence established Appellant had one prior conviction for a misdemeanor domestic violence. There is no indication the prior offense involved anything of a sexual nature. As the state of Ohio noted in its brief to this Court:

> The trial court does make reference to Defendant-Appellant being under "sanctions" (a reference to community control sanctions for a misdemeanor conviction of Domestic Violence), and to his criminal history when he committed the child sexual offenses in this case. However, it is clear from both the September 22, 2015 Judgment Entry of Sentencing (p. 6), and the Sentencing Transcript, that the court's statutory finding for imposing consecutive sentence was the "multiple offense/no single prison term" subsection of the statute (R.C. §2929.14(C)(4)(b)).

---

[2] The reason for my reluctance will be explained, infra.

In its Judgment Entry of Sentencing of September 22, 2015, the "Multiple offense/no single prison term" subsection (b) box is the only one checked. The (c) box regarding criminal history is not checked.

R.C. 2929.14(C)(4)(b)

**{¶39}** At the September 22, 2015 Sentencing Hearing, the trial court stated,

**{¶40}** The court finds that consecutive sentences are necessary to protect the public and are not are not [sic] inconsistent or unreasonable in light of the offense.

**{¶41}** ***

**{¶42}** THE COURT:

No I've got it right now. Alright Mr. Steiner for the record because I've imposed consecutive sentence [sic] I have to make the following findings. The Court finds that a consecutive sentence is necessary to protect the public from future crimes or to punish the offender and the offense committed was one or more multiple offenses while the offender was uh under sanctions imposed. Uh at least two (2) of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by one[3] or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the course of conduct adequately reflects the seriousness of the offender's conduct and the offender's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public

---

[3] R.C. 2929.14(C) reads "two or more" of the multiple offenses so committed was so great or unusual…

from future crimes. And consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger posed to the public. That's all.

**{¶43}** To impose consecutive sentences, a trial court must make the necessary findings pursuant to R.C. 2929.14(C)(4), including subsection (b) which reads,

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶44}** Appellant was convicted of one count of attempted rape and four counts of importuning. The record demonstrates the mother of the nine year-old victim herein contacted the Holmes County Sheriff's Office when her daughter began receiving Facebook messages from Appellant of an "increasingly alarming nature." Appellant began requesting photographs of the child through cell phone conversations and messaging.

**{¶45}** The Holmes County Sheriff's Office then contacted the Wooster Police Department. An Internet Crimes Against Children trained detective from the Wooster Police Department then utilized the child's phone and social media to communicate with Appellant, assuming the child's identity. The detective responded to messages on Facebook and on the child's cell phone.

**{¶46}** Over a ten day period, there were hundreds of communications. However, at no time was the nine year-old child involved. Those messages were of a sexual and graphic nature, describing Appellant's body parts and what he wants to do to the child

and what the child (the undercover detective) wants to do to him, including vaginal intercourse. The detective began communicating with Appellant on May 13, and concluded on May 22, at which point a meeting was arranged.

**{¶47}** At the plea hearing, the State concedes, "There are four (4) Importuning counts uh for that time period but there could have been forty (40) uh but there are four." Tr. at 13.

MR. KNOWLING:

Yes. In the Discovery will disclose certainly four (4) specific solicitations to engage in quote, sexual conduct of the nature I described either sexual intercourse of [sic] oral sex either way. Alright.

\*\*\*

MR. KNOWLING:

Then nine (9) year old receiving messages but not of a graphic nature just alarming nature to the mother of receiving messages yeah from the adult defendant um you know send me a picture of you in a bathing suit, that kind of stuff. Or you want to meet with me all that kind of stuff but nothing graphic until the officer gets involves [sic] and then the intensity picks up over this ten (10) day period.

Plea Tr. at 12-14.

**{¶48}** The state of Ohio conceded at oral argument none of the messages actually received by the nine year-old victim were sufficient to support a charge of importuning.

**{¶49}** The Holmes County Sheriff's Department then set up a vacant home to serve as the pretend home of the victim for the meet with Appellant. The undercover

officer messaged Appellant the address and location where the bedroom would be and pink panties would be in the window. The victim's mother's actual vehicle was parked outside; notably however, the nine year-old victim was never present. Officers observed Appellant's approach from an across the street pizza shop, and Appellant was arrested. Plea Tr. at 14-15.

{¶50} Based upon the evidence in the record, I find the trial court erred in finding the "harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." I find the record does not demonstrate the harm caused to the nine year-old victim herein was caused by any of the "offenses" committed by the offender.

{¶51} The trial court heard the testimony of the victim's mother who stated the child is afraid to be home alone without the presence of other individuals. However, there is no evidence such fear was a result of any of the charged offenses.[4] The record demonstrates the offenses were committed after the child was removed from any contact with Appellant and after the Wooster Police Department and the Holmes County Sheriff's Department began their investigation. Appellant's conduct was directed, albeit unknowingly, to an undercover detective, and the offense of attempted rape was committed while the victim was not present, nor apparently even aware of the sting operation.

---

[4] Mother also stated the victim has not started counseling because she [the victim] doesn't want it right now!

{¶52} I wholeheartedly agree with the trial court Appellant's conduct was "heinous" and Appellant certainly poses a threat to the community. I find the length of prison terms imposed on all five offenses both reasonable and appropriate. And I agree with the trial court's finding consecutive sentences [would be] necessary to protect the public from future crime or to punish the offender.

{¶53} But the legislature has determined such finding alone is insufficient to impose consecutive sentences. At least one of the findings in R.C. 2919.14(C)(4) must also be made and supported by the record.

{¶54} By no means do I mean to diminish the psychological harm suffered by the victim as a result of Appellant's initial texting, as such would likely be a cause for concern and often result in anxiety and/or fear in most children of her age. But the fact remains the conduct of the Appellant which constituted the offenses charged did not involve the child. The child suffered no great or unusual harm as the result of the any of the offenses, let alone two or more of them.

{¶55} I would sustain Appellant's assignment of error.