[Cite as *State v. Cardwell*, 2016-Ohio-5591.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-1076 |
| v. | : | (C.P.C. No. 14CR-5203) |
| Ka-Juan F. Cardwell, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 30, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

**On brief:** *Mark J. Miller*, for appellant. **Argued:** *Mark J. Miller*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Ka-Juan Cardwell, appeals from a judgment of the Franklin County Court of Common Pleas that imposed a sentence of 14 years incarceration following appellant's guilty plea to 7 counts of burglary without specifications. For the following reasons, we affirm the trial court judgment and remand the matter to that court for the limited purpose of entering a nunc pro tunc entry.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 30, 2014, appellee, State of Ohio, indicted appellant on seven counts of burglary, one with an associated firearm specification, for incidents involving separate victims where appellant allegedly entered occupied residences and stole a vehicle, a gun, credit cards, and various other items. Appellant entered a guilty plea to all

seven counts of burglary, and, on recommendation of the prosecutor, the trial court entered a nolle prosequi as to the specification. The trial court received a presentencing investigation report and sentencing memoranda from both parties. The prosecutor and defense attorney did not jointly recommend a sentence.

{¶ 3} The trial court held a sentencing hearing on November 20, 2015. After hearing from the parties and 4 victims, the trial court imposed a 2-year prison sentence for each of the 7 counts of burglary and ran each sentence consecutively to each other for a total prison term of 14 years. Appellant filed a timely appeal to this court.

## II. ASSIGNMENT OF ERROR

{¶ 4} Appellant assigns the following assignment as error:

> THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES WITHOUT MAKING THE REQUIRED FINDINGS PURSUANT TO R.C. 2929.14(C)(4) DEPRIVING APPELLANT OF DUE PROCESS CONTRARY TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND CORRESPONDING RIGHTS UNDER THE OHIO CONSTITUTION.

## III. DISCUSSION

{¶ 5} In his assignment of error, appellant contends that the trial court failed to make the requisite findings under R.C. 2929.14(C)(4) at the sentencing hearing. "An appellate court will not reverse a trial court's sentencing decision unless the evidence is clear and convincing that either the record does not support the sentence or that the sentence is contrary to law." *State v. Robinson*, 10th Dist. No. 15AP-910, 2016-Ohio-4638, ¶ 7, citing *State v. Chandler*, 10th Dist. No. 04AP-895, 2005-Ohio-1961, ¶ 10. R.C. 2953.08(G)(2).

{¶ 6} "Under Ohio law, absent an order requiring sentences to be served consecutively, terms of incarceration are to be served concurrently." *State v. Sergent*, ___ Ohio St.3d ___, 2016-Ohio-2696, ¶ 16, citing R.C. 2929.41(A). However, a trial court, in its discretion, may impose consecutive sentences for multiple prison terms pursuant to R.C. 2929.14(C)(4). *Id.* To do so, the trial court must find (1) that the consecutive service is necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's

conduct and to the danger the offender poses to the public, and (3) at least one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 7} The Supreme Court of Ohio in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, established that, "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *Id.* at syllabus. In making R.C. 2929.14(C)(4) findings at the sentencing hearing, the trial court is not required to provide "a talismanic incantation of the words of the statute"—"a word-for-word recitation of the language of the statute is not required." *Id.* at ¶ 29, 37. Thus, appellate courts have been "fairly deferential to the trial court" in reviewing R.C. 2929.14(C)(4) challenges and will determine the trial court made requisite findings if reasonably able to "glean" such findings from the record. *State v. Hargrove*, 10th Dist. No. 15AP-102, 2015-Ohio-3125, ¶ 19-21 (determining that the trial court made the requisite disproportionality finding in stating that appellant's conduct was the "worst form" and "most serious type" of the criminal offense and its discussion of appellant's previous similar conviction and resultant prison stay); *Bonnell* at ¶ 29 (instructing that "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record

contains evidence to support the findings, consecutive sentences should be upheld"). *See also State v. Bennington*, 7th Dist. No. 14 BE 48, 2015-Ohio-5439, ¶ 30 (concluding that the trial court engaged in the appropriate disproportionality analysis in stating that "a single term does not adequately reflect the seriousness of the defendant's continuing conduct").

{¶ 8}   In determining whether the trial court engaged in the correct analysis, an appellate court "may liberally review the entirety of the sentencing transcript to discern whether the trial court made the requisite findings." *State v. Stephen*, 7th Dist. No. 14 BE 0037, 2016-Ohio-4803, ¶ 22, citing *Bonnell* at ¶ 29. *See, e.g., State v. Steiner*, 5th Dist. No. 15CA17, 2016-Ohio-4648, ¶ 20-34 (citing to trial court's general sentencing findings to support a determination that the trial court made requisite findings under R.C. 2929.14(C)(4)); *State v. Harris*, 10th Dist. No. 15AP-683, 2016-Ohio-3424, ¶ 54-56 (determining that trial court adequately articulated a consecutive sentencing finding based on its statement "[p]ursuant to [R.C. 2929.14(C)(4)] based on the seriousness of the conduct, the continuing course of conduct, the court will impose consecutive sentences" when it also generally discussed the defendant's prior criminal history, pattern of conduct, commission of the offense while on post-release control, and lack of remorse); *State v. Clark*, 10th Dist. No. 15AP-135, 2015-Ohio-5082, ¶ 43, quoting *State v. Hillman*, 10th Dist. No. 14AP-252, 2014-Ohio-5750, ¶ 70 (concluding that, although the trial court did not expressly state it was making a particular finding under R.C. 2929.14(C)(4), "the trial court's commentary at the sentencing hearing demonstrates that it did make the [required] findings").

{¶ 9}   Appellant specifically argues here that the trial court failed to make the "disproportionality" finding and any of the three alternative findings under R.C. 2929.14(C)(4)(a), (b), or (c) at the sentencing hearing.  Appellant does not argue that the trial court failed to make a "necessary" finding under the first step of R.C. 2929.14(C)(4).

{¶ 10} Appellee counters that no error occurred because, although the language used by the trial court was not direct, a review of the record shows the trial court nonetheless made the requisite findings.  Appellee alternatively argues that the record shows that no plain error exists "when there is no probability of a different outcome," while recognizing that this court's prior decisions establish that a trial court's failure to

make findings under R.C. 2929.14(C)(4) constitutes plain error.  (Appellee's Brief at 11.) *See*, *e.g.*, *State v. Wilson*, 10th Dist. No. 12AP-551, 2013-Ohio-1520, ¶ 18; *State v. Bender*, 10th Dist. No. 12AP-934, 2013-Ohio-2777, ¶ 7; *State v. Ayers*, 10th Dist. No. 13AP-371, 2014-Ohio-276, ¶ 13-16; *State v. Fair*, 10th Dist. No. 13AP-901, 2014-Ohio-2788, ¶ 22; *State v. Dennison*, 10th Dist. No. 14AP-486, 2015-Ohio-1135, ¶ 21.

{¶ 11} In the present case, at the sentencing hearing the trial court heard from the parties and four of the victims.  At the outset, the trial court admonished appellant for testing presumptively positive for marijuana prior to coming to court.  The trial court then proceeded to analyze general sentencing principles and factors.  The trial court made a "general finding that the offender's conduct in this case is more serious than conduct normally constituting the offense," based on the victims suffering serious physical, psychological, and economic harm as a result of the offense, appellant's relationship with the victims, appellant's commission of the offenses as a part of an organized criminal activity with a codefendant, and the fact that appellant committed the burglaries while people were present in the home, including, in some cases, children.  (Tr. at 29.)  The trial court did not find any factors under that statute indicating that appellant's conduct is less serious than conduct normally constituting the offense.  The trial court additionally made a finding that factors indicating that appellant is likely to commit future crimes are present, including appellant's demonstrated pattern of marijuana use related to the offense and refusal in acknowledging his substance abuse issue, and appellant's lack of genuine remorse for the offenses.  Although the trial court noted that the burglary offenses were his first adult convictions, the trial court did not find it is not likely that appellant will commit future crimes due to appellant's prior delinquency adjudication for truancy, the circumstances of the offenses, and appellant's lack of remorse.  Considering the above, the trial court imposed a two-year sentence on each count, with the sentencing decision in part "based on [appellant's] unwillingness to acknowledge that [the] role that [appellant's] marijuana usage has played in the choices that [appellant] made throughout life." (Tr. at 32.)  The trial court further stated in pertinent part:

> Pursuant to Revised Code Section 2929.14 Subsection C-4, because the court believes that no single sentence will satisfy this ongoing course of conduct and in order to ensure the safety of the community, the court is going to impose those

sentences consecutively with each other, for a total of 14 years of incarceration.

(Tr. 33-34.)   Appellant did not object or otherwise call attention to the trial court's analysis under R.C. 2929.14(C)(4).

{¶ 12} In its subsequent judgment entry, the trial court stated that it weighed the factors set forth in R.C. 2929.14 and elaborates:

> The Court made findings on the record, pursuant to R.C. 2929.14(C)(4), to support consecutive sentences. Considering the facts of this case, the purposes and principals of sentencing, and the requirements set forth in R.C. 2929.14(C)(4), the Court finds that a consecutive sentence is both necessary and appropriate. The Court further finds that (a) a consecutive sentence is necessary to punish Defendant, given the seriousness of the offenses committed; (b) a consecutive sentence is not disproportionate to the seriousness of Defendant's conduct; (c) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; and (d) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

 (Judgment Entry at 2.)

{¶ 13} Having reviewed the record of the sentencing hearing, we conclude that the trial court engaged in an analysis which satisfies imposition of consecutive sentences pursuant to R.C. 2929.14(C)(4).  As to appellant's first argument, the record supports a "disproportional" finding.  Like *Bennington* at ¶ 30, the trial court made findings regarding the seriousness of appellant's conduct as it relates to the criminal offense and the inadequacy of a single sentence to both fit appellant's conduct and adequately protect the public.  However, the trial court judgment entry does not reflect both of the required disproportionality findings that occurred at the sentencing hearing—that consecutive sentences are not disproportionate to the seriousness of the offender's conduct *and to the danger the offender poses to the public.*  R.C 2929.14(C)(4).   Therefore, pursuant to

*Bonnell* at ¶ 30, we remand the matter for the trial court to correct this omission by way of a nunc pro tunc entry.  *Harris* at ¶ 56.

{¶ 14}  As to appellant's second argument regarding a lack of any of the alternative findings under R.C. 2929.14(C)(4)(a),(b), or (c), the trial court's express language shows it found that the offenses constituted a "course of conduct," that no single sentence would adequately address that course of conduct, and that consecutive sentences were needed to ensure the safety of the community.  While not spoken verbatim from the statute, pursuant to *Bonnell*, such exactness under R.C. 2929.14(C)(4) is unnecessary, and we find this language establishes that the trial court made a finding under R.C. 2929.14(C)(4)(b).

{¶ 15}  While a finding under R.C. 2929.14(C)(4)(b) alone is sufficient to meet the third statutory step in justifying a consecutive sentence, the trial court additionally indicated in its judgment entry that it made the R.C. 2929.14(C)(4)(c) finding that "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."  (Judgment Entry at 2.) In general, uncharged yet undisputed criminal conduct may be considered at sentencing. *State v. Townsend*, 5th Dist. No. 09-CAA-11-0096, 2010-Ohio-4417, ¶ 27; *State v. McColor*, 7th Dist. No. 11 MA 64, 2013-Ohio-1279, ¶ 9.  Thus, a trial court may consider a defendant's admitted drug use in determining that the offender's history of criminal conduct demonstrates that the consecutive sentences are necessary to protect the public from future crime under R.C. 2929.14(C)(4).  *State v. Bailey*, 5th Dist. No. 14-COA-008, 2014-Ohio-5129, ¶ 25-30.   In sentencing appellant, the trial court here extensively discussed and emphasized appellant's admitted and unaddressed drug use, the part it played in appellant's course of conduct of committing residential burglaries, and how appellant's demonstrated attitude about his drug use contributed to the likelihood that he would commit future crimes against the public.  Considering the record as a whole, we conclude that at the sentencing hearing the trial court adequately engaged in the proper analysis and made a finding, pursuant to R.C. 2929.14(C)(4)(c), as reflected in its judgment entry.

{¶ 16}  Furthermore, based on a careful review of the record, we do not clearly and convincingly find that the record fails to support the trial court's findings under R.C. 2929.14(C)(4).  R.C. 2953.08(G)(4); *Hargrove* at ¶ 24.  Because the trial court engaged in

the appropriate analysis and the record supports the trial court's findings under R.C. 2929.14(C)(4), we conclude appellant's consecutive sentences are in accordance with law. As such, appellee's "plain error" argument is moot.

{¶ 17} Accordingly, we overrule appellant's sole assignment of error but remand the matter to the trial court to file a nunc pro tunc entry to correct the judgment entry to reflect the findings made at the sentencing hearing as provided above.

## IV. CONCLUSION

{¶ 18} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas and remand the matter to that court for the limited purpose of entering a nunc pro tunc entry reflecting the R.C. 2929.14(C)(4) findings the trial court made during the sentencing hearing.

*Judgment affirmed*;
*cause remanded with instructions.*

BROWN and KLATT, JJ., concur.

_____